**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Civil Action No. 13-cv-00262-MSK**

**MARPA LLC;**
**PAVEL SRAMEK; and**
**MARIE SRAMEK,**

**Plaintiffs,**

**v.**

**QFA ROYALTIES LLC;**
**QUIZNO'S FRANCHISING II LLC;**
**QCE FINANCE LLC f/k/a QCE PARENT LLC;**
**THE QUIZNO'S MASTER LLC;**
**QIP HOLDER LLC;**
**TQSC II LLC f/k/a TQSC LLC;**
**QCE HOLDING LLC;**
**QZ FINANCE LLC;**
**QCE INCENTIVE LLC;**
**QCE LLC;**
**QUIZNOS FINANCE LLC;**
**QAFT, INC.;**
**AMERICAN FOOD DISTRIBUTORS LLC;**
**SOURCE ONE DISTRIBUTION LLC f/k/a NATIONAL RESTAURANT SUPPLY DISTRIBUTION LLC;**
**S&S EQUIPMENT COMPANY LLC;**
**BA-BING! LLC f/k/a SOURCE ONE SYSTEMS LLC;**
**CHAIN MANAGEMENT SYSTEMS LLC;**
**KINETIC SOURCING SOLUTIONS LLC f/k/a U.S. FULFILLMENT LLC;**
**CONTINENTAL LENDING GROUP LLC;**
**CLG LEASING LLC;**
**THE CERVANTES HOLDING COMPANY;**
**CERVANTES CAPITAL LLC;**
**CERVANTES MASTER LLC;**
**RICHARD E. SCHADEN;**
**RICHARD F. SCHADEN;**
**PATRICK E. MEYERS;**
**STEVEN B. SHAFFER;**
**AVENUE CAPITAL GROUP, LLC;**
**SYSTEM SERVICES OF AMERICA, INC. f/k/a McCABE'S QUALITY FOODS, INC.;**
**SERVICES GROUP OF AMERICA, INC.;**
**THE MARTIN BROWER COMPANY, LLC; and**

**JOHN DOES 1-50,**

**Defendants.**

---

**ORDER REMANDING CASE**

---

**THIS MATTER** comes before the Court *sua sponte*. The Plaintiffs commenced this action in the District Court for the City and County of Denver, Colorado, generally asserting that the Defendants (who are owners and affiliates of Quiznos restaurant chain) implemented a fraudulent scheme of stealing millions of dollars from Quiznos' franchisees, including the Plaintiffs. In their Complaint **(#4)**, the Plaintiffs assert 28 claims for relief under Colorado statutes and common-law, including violations of the Colorado Organized Crime Control Act (COCCA), the Colorado Consumer Protection Act (CCPA), Colorado's Uniform Fraudulent Transfer Act, civil theft, aiding and abetting, breach of contract, unjust enrichment, fraud, conspiracy to commit fraud, and negligent misrepresentation.

The Defendants seek to remove the case to this Court based upon federal question subject-matter jurisdiction, 28 U.S.C. § 1331. In their Notice of Removal **(#1)**, the Defendants concede that the Plaintiffs' Complaint does not explicitly assert a federal cause of action, but they contend that the Complaint includes state-law claims that raise substantial federal questions.

A civil action is removable only if plaintiffs could have originally brought the action in federal court. 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The rule is inflexible and without exception, and requires a court to deny its jurisdiction

in all cases where such jurisdiction does not affirmatively appear in the record. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, this provision for federal-question jurisdiction is invoked by the plaintiffs pleading a cause of action created by federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). There is, however, another form of "arising under" jurisdiction. In certain cases, federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. *Id.*; *accord Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("We have, however, also noted that a case may arise under federal law where the vindication of a right under state law necessarily turned on some construction of federal law." (internal quotation omitted)). Thus, a case arises under federal law if its "well-pleaded complaint establishes either that federal law creates the case of action or that the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006). The well-pleaded complaint rule requires that "the federal question giving rise to jurisdiction [appears] on the face of the complaint." *Id.*

First, the Defendants contend that all of the Plaintiffs' general claims of fraud and misrepresentation implicate a substantial question of federal law. They point out that the sale of franchises is regulated by the Federal Trade Commission (FTC), and the FTC's Franchise Rule, 16 C.F.R. § 436, sets forth disclosure requirements for the sale of certain franchises. Thus, the Defendants reason, any challenge to the quality of their pre-sale disclosures to the Plaintiffs, or

claims that they failed to disclose material information, will require an analysis of whether it complied with the Franchise Rule.

The Court rejects that argument. The Complaint makes no claim that any Defendant violated the FTC Franchise Rule or any other statute relating to the FTC's regulation of the sale of franchises. (Indeed, there is no private cause of action for violation of the FTC Franchise Rule.) Further, none of the state-law claims that *are* presented include an element that would implicate any FTC statute or rule. The plaintiff is the master of the claim, and he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Plaintiffs here have deliberately chosen to rely solely on Colorado law, which they are entitled to do. Thus, contrary to the Defendants' view, the Court finds that the Plaintiffs' claims do not raise a substantial federal issue under the FTC Franchise Rule. To whatever extent the Defendants intend to rely on the FTC Franchise Rule in defense of the Plaintiffs' claims, their assertion of a defense based on federal law is not a proper basis for removal. *See Nicodemus*, 440 F.3d at 1232 ("The well-pleaded complaint rule also means that federal-question jurisdiction may not be predicated on a defense that raises federal issues.")

Next, the Defendants represent that the Plaintiffs' claims under the Colorado Organized Crime Control Act (COCCA), C.R.S. §§ 18-17-101, *et seq.*, involve a substantial federal question because an element of those claims requires proof that the Defendants committed federal crimes.[1]

---

[1] The Defendants also allege that whether they committed violations of mail or wire fraud will require analysis of the FTC Franchise Rule. Thus, they state that determination of the underlying federal law violations involves an intersection between the federal mail and wire fraud statutes and the FTC Franchise Rule. As noted, however, the FTC is not affirmatively at issue in this case. Nor is it implicated when applying the mail and wire fraud statutes. The Court therefore rejects this argument as a basis for federal question jurisdiction.

A COCCA claim, like a claim under the Racketeer Influences and Corrupt Organizations (RICO) Act, requires proof of a pattern of "racketeering activity" as defined by the statute. *See* C.R.S. §§ 18-17-104(1)(a), -103(5). Acts that make up the pattern of racketeering activity are often referred to as "predicate acts." To service as the predicate acts of the COCCA claims here, the Plaintiffs allege that the Defendants committed several state and federal crimes, including theft and theft by receiving in violation of C.R.S. §§ 18-4-401 & -410, criminal mischief in violation of C.R.S. § 18-4-501, unauthorized use of a financial transaction device in violation of C.R.S. § 18-5-702, mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 & 1343, federal bank fraud in violation of 18 U.S.C. §1344, unlawful monetary transactions in violation of 18 U.S.C. § 1957, and illegal sale, receipt, or transportation of stolen goods or money in violation of 18 U.S.C. §§ 2314 & 2315.

The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. *Merrell Dow*, 478 U.S. at 813. Instead, the relevant question is does the state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons*, 545 U.S. at 314. "[I]n exploring the outer reaches of § 1331, determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 (1986). Thus, when considering the substantiality of the federal interest, courts must focus on whether Congress evidenced intent to provide a federal forum to resolve the dispute. *Nicodemus*, 318 F.3d at 1237. The best indicator of whether Congress evidenced such intent is to see if the federal statute under consideration creates a private right of action. *Id.* However, the absence of a private right of action is

"relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." *Grable & Sons*, 545 U.S. at 318 (quoting *Merrell Dow*, 478 U.S. at 809).

Initially, the Court observes that applying federal law may not even be necessary to the Plaintiffs COCCA claims because they also allege that the Defendants violated state law. It is therefore possible that the Plaintiffs could establish the necessary predicate acts without reference to any federal law violation. Nevertheless, assuming that applying federal law is necessary, the Court finds that the federal issue presented as an element of the COCCA claims is insufficient to confer federal question jurisdiction. The Plaintiffs allege that the Defendants violated various sections of the federal criminal code, none of which confer a private cause of action. Instead, the violations of federal law are simply applied as an element of the state-law claims. This does not present a substantial question of federal law.

Moreover, the Court finds that exercising jurisdiction over a COCCA claim on the basis that the predicate acts implicate federal issues would invite a horde of removal cases that raise the same kind of claims, or similar claims that have embedded federal issues. In light of considerations of the federal system and the separation-of-powers, the Court finds that this case presents the kind of situation where it must restrain from exercising its jurisdiction.

Finally, the Defendants assert, without elaboration or argument, that the Plaintiffs "further claim that some Defendants violated other federal laws, including the Perishable Agricultural Commodities Act [PACA], 7 U.S.C. § 499." It is true that embedded in their claims under the COCCA, as well as in their claims for fraud by false representation and fraud by nondisclosure and concealment, the Plaintiffs make the conclusory allegation that some "Defendants' actions also violate federal law, including but not limited to violations of the [PACA], 7 USC § 499(b)(4) and (e)." *See Docket No. 4*, ¶¶ 349, 371, 463, 460. The Court does

not understand these conclusory assertions to be stand-alone claims for violation of the PACA, but rather reads them as support for the asserted claims set forth in the claim headings. As such, these allegations do not present a substantial federal question.

In light of the above observations, the Court finds that, on its face, the Complaint does not present a federal question sufficient to confer federal question jurisdiction over this case. The Court therefore concludes that original subject matter jurisdiction is lacking, and therefore **REMANDS** the case to the state court.

Dated this 12th day of February, 2013.

**BY THE COURT:**

Marcia S. Krieger

Marcia S. Krieger
Chief United States District Judge